Tagged Opinion



**ORDERED in the Southern District of Florida on March 25, 2008.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:                                                CASE NO: 07-19450-BKC-PGH

Nicolas T. Shoopman,                                  Chapter 7 Proceedings
    Debtor.
_____/

## MEMORANDUM ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS CLAIMED BY DEBTOR

**THIS MATTER** came before the Court for hearing on February 15, 2008, upon Robert C. Furr's ("Trustee") *Objection to Exemptions Claimed by Debtor* ("Objection"), wherein the Trustee objected to Nicolas T. Shoopman's ("Debtor") claim of exemption for personal property pursuant to Florida Statutes § 222.25(4).

### BACKGROUND

The facts of this matter are undisputed. The Debtor filed his voluntary petition under Chapter 7 on October 31, 2007. In his Statement of Intention, the Debtor declared an intention to reaffirm two mortgages and one homeowner's association lien

encumbering his residential property located in Delray Beach, Florida ("Real Property"). Although the Debtor owns and resides in the Real Property, he did not claim a homestead exemption for the Real Property under § 4, Article X of Florida's Constitution.

In his October 31, 2007 Statement of Financial Affairs, the Debtor indicated that there was a foreclosure proceeding pending against the Real Property by mortgagee Ameriquest Mortgage Company. On November 13, 2007, Washington Mutual Bank, as agent for Ameriquest Mortgage Company, filed a motion seeking relief from the automatic stay to complete the foreclosure action against the Real Property. Prior to the hearing on the motion, the Debtor affirmatively consented to relief from stay, and on December 6, 2007, the Court entered an *Agreed Order Granting Motion for Relief from Stay*.

The Debtor's § 341 meeting was commenced on December 11, 2007 and concluded on December 19, 2007. On January 17, 2008, the Trustee filed his Objection, wherein the Trustee objected to the Debtor's claimed exemption[1] of up to $4,000 worth of personal property under Fla. Stat. § 222.25(4).

On February 1, 2008, the Debtor filed an Amended Statement of Intention, in which he amended his intention regarding the mortgages and homeowner's association lien from "reaffirm" to "surrender." The Debtor was granted his discharge on February 11,

---

[1] In his Reply, the Trustee also disputed the valuation of the personal property claimed as exempt by the Debtor.

2

2008.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## CONCLUSIONS OF LAW

The Trustee objects to the Debtor's claim of exemption pursuant to Florida Statutes § 222.25(4). Section 222.25(4) permits qualifying debtors to exempt up to $4,000 worth of personal property. This new provision, which became effective on July 1, 2007, provides:

> The following property is exempt from attachment, garnishment, or other legal process:
>
> * * *
>
> (4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support.

Fla. Stat. § 222.25(4) ("Statutory Personal Property Exemption").

The language of § 222.25(4) is plain and unambiguous. The statute sets forth a bright-line test to determine if a debtor is eligible to exempt $4,000 worth of personal property. Simply stated, a debtor may claim the Statutory Personal Property Exemption if the debtor does not claim the constitutional homestead exemption or does not otherwise receive the benefits of the constitutional homestead exemption. As more fully discussed below,

3

the Court holds that the Debtor is eligible to claim the Statutory Personal Property Exemption because the Debtor neither claimed the constitutional homestead exemption nor received the benefits of constitutional homestead exemption. Therefore, the Court overrules the Trustee's Objection.

Although the Debtor did not claim the constitutional homestead exemption, the Trustee advances several arguments to show that the Debtor received, and is receiving, the benefits of the constitutional homestead exemption. The Trustee's first argument is that the Debtor is receiving the benefits of the homestead exemption because the Debtor continues to occupy the Real Property. The Court does not agree. The Court finds that the benefit the Debtor receives by virtue of occupying the Real Property is <u>*distinct*</u> from the receipt of the benefits of Florida's constitutional homestead exemption. These benefits are not synonymous. *See In re Gatto*, 380 B.R. 88, 93 (Bankr. M.D. Fla. 2007)(J. Williamson)[2] (distinguishing between the benefits incidental to home ownership such as "acquisition of owner's

---

[2] Although the interpretation of § 222.25(4) is a matter of first impression for this Court, the Court is aware of three recent opinions interpreting the statute's substantive requirements. *In re Gatto*, 380 B.R. 88 (Bankr. M.D. Fla. 2007)(J. Williamson); *In re Morales*, 381 B.R. 917 (Bankr. S.D. Fla. 2008)(J. Ray); and *In re Franzese*, 2008 WL 515631 (Bankr. M.D. Fla. Feb. 19, 2008)(J. Jennemann). In *Franzese*, Judge Jennemann held that even though the debtor - who planned to reside in his home permanently - had not affirmatively claimed a homestead exemption for his residence, he had nevertheless received the benefit of the homestead exemption based upon the home being owned with his non-filing spouse in a tenancy by the entireties. 2008 WL 515631, at *4. The tenants by the entireties issues addressed in *Franzese* are not implicated in this case because the Debtor here is unmarried.

equity, the ability to deduct mortgage interest, and the exemption and cap on real estate taxes", and the benefits *derived* from the constitutional homestead exemption "with respect to insulating the property from the reach of creditors")(emphasis added). It is *only* the receipt of benefits *derived* from Florida's constitutional homestead exemption that will render the Debtor, who has not claimed the constitutional homestead exemption, ineligible to claim the Statutory Personal Property Exemption.

The Trustee further argues that a debtor does not stop receiving the benefits of the homestead exemption until the debtor's home is abandoned to a secured creditor, or until the Trustee removes the debtor from his residence and administers the property. This argument is also unpersuasive because it confuses administration of an asset of the estate with the benefits of the constitutional homestead exemption. In this case, the Debtor did not claim the Real Property as exempt. Thus, the Real Property is property of the estate subject to administration by the Trustee. Occupancy of the Real property during administration by the Trustee does not result in the Debtor receiving the benefits of the constitutional homestead exemption.

Section 222.25(4) governs the situation of a debtor who does not claim the constitutional homestead exemption, but who nevertheless "receives the benefit of the homestead exemption under s.4, Art. X of the State Constitution." *Gatto*, 380 B.R. at 91. The

"receives the benefit of the homestead exemption" language is intended to prevent a debtor who does not claim the constitutional homestead exemption from receiving its benefits *indirectly* while also claiming the Statutory Personal Property Exemption. *Id.* at 92. This situation conceivably might arise in the case of a married debtor. For example, a married debtor might indirectly receive the benefits of the constitutional homestead exemption if one spouse filed for bankruptcy and did not claim the homestead exemption, while the non-filing spouse retained constitutional homestead rights with respect to creditors. *Id.* (describing scenarios in which a married debtor might indirectly receive the benefits of both the constitutional homestead exemption and the Statutory Personal Property Exemption). The determination of whether a debtor indirectly receives the benefits of the constitutional homestead exemption must turn on the facts of each case. In this case, the Debtor has no wife to claim the constitutional homestead exemption inside or outside of bankruptcy, and there exists no other device or circumstance that indirectly bestows the benefits of the constitutional homestead exemption upon him.

The Trustee also argues that the Debtor is receiving the benefits of the constitutional homestead exemption based upon the Debtor's initial Statement of Intention which indicated that the Debtor planned to reaffirm the debt securing the Real Property. In *Gatto,* Judge Williamson stated that "it is the conclusion of the

6

court that the fact that the debtors did not claim their homes as exempt under section 4, article X of the Florida Constitution <u>combined with their surrender of their respective homes</u>, results in their receiving no benefit of the constitutional homestead exemption." *Gatto*, 380 B.R. at 90 (emphasis added). Citing *Gatto*, Judge Ray determined in *Morales* that, "to claim the increased personal property exemption a debtor must: (1) not claim the property as exempt and (2) timely state an intention to surrender. The failure of either one of these conditions will prevent a debtor from claiming the expanded personal property exemption." *Morales*, 381 B.R. 917, 922 (Bankr. S.D. Fla. 2008). Thus, in *Morales* Judge Ray found that in addition to not claiming the homestead as exempt, a debtor <u>must</u> timely file a statement of intention to surrender the residence before being eligible to claim the Statutory Personal Property Exemption. This Court respectfully disagrees with *Morales,* and with *Gatto* to the extent that Judge Williamson's holding can be construed as requiring a debtor to timely state his intention to surrender his residence in order to claim the Statutory Personal Property Exemption. Reaffirmation of debt standing alone is not equivalent to receiving the benefits derived from the constitutional homestead exemption. Nor does a debtor's stated intention to reaffirm debt or surrender property determine whether the debtor is actually receiving the benefits of the constitutional homestead exemption.

The Trustee nonetheless attaches significance to the Debtor's initial Statement of Intention to reaffirm the debt securing the Real Property. Despite the Debtor's stated intention to reaffirm the debt, he failed to timely reaffirm the debt.[3] The Debtor later filed an Amended Statement of Intention indicating he would surrender the Real Property.[4] Neither the Debtor's initial Statement of Intention to reaffirm, nor the Debtor's untimely Amended Statement of Intention to surrender, are relevant to the Court's determination that the Debtor did not receive the benefits of the constitutional homestead exemption. In addition, while the Debtor's agreement not to oppose relief from stay is also irrelevant to the issue of whether the Debtor received the benefits of the constitutional homestead exemption, it nevertheless shows that the Debtor made it known early in the case that he did not intend to protect his home from the claims of creditors.

The Trustee's final argument presents a hypothetical. The Trustee suggests that if the Debtor wins the lottery or gains equity in his residence through family funds or a change in market conditions, he will have never stopped receiving the benefits of

---

[3] A debtor must perform his stated intention as to secured debts within 30 days after the first date set for the § 341 meeting. *See* 11 U.S.C. §521(a)(2)(B).

[4] The Debtor's original Statement of Intention indicated that the Debtor would reaffirm the debt on his Real Property. Forty-three days after the conclusion of the § 341 meeting, the Debtor filed an Amended Statement of Intention indicating that he would surrender the Real Property. Thus, the Amended Statement of Intention was timely only with respect to one of the three § 521(a) deadlines, the deadline stated in § 521(a)(6). However, the § 521(a)(6) deadline applies to personal property, not real property.

8

the homestead exemption because he received his discharge and a new creditor's judgment would not attach as a lien against the Real Property. This Court is concerned with the facts of this case, not "what-if" scenarios. Notwithstanding, the Court notes that the Debtor agreed to stay relief as requested by one of the secured creditors in early December 2007. In addition, the Debtor's Amended Statement of Intention was filed on February 1, 2008 in advance of the Debtor receiving his discharge on February 11, 2008. Given these facts, the Trustee's hypothetical is not relevant.

## **CONCLUSION**

Florida Statutes § 222.25(4) permits a debtor to exempt up to $4,000 worth of personal property if the debtor does not claim the constitutional homestead exemption or otherwise receive its benefits. In this case, the Debtor did not affirmatively claim the homestead exemption provided by section 4, Article X of the Florida Constitution, nor did he receive its benefits as of the date of the petition. Therefore, the Court finds that the Debtor is eligible to claim the Statutory Personal Property Exemption provided by Fla. Stat. § 222.25(4).

## **ORDER**

The Court, having heard the argument of counsel, having reviewed the submissions of the parties, the applicable law, and

being otherwise fully advised in the premises, does hereby:

**ORDER AND ADJUDGE** that:

1. Trustee's Objection is **OVERRULED.** The Debtor is eligible to claim the Statutory Personal Property Exemption provided by Fla. Stat. § 222.25(4).

2. If necessary, the Trustee shall contact the Courtroom Deputy to set an evidentiary hearing to determine the value of the personal property claimed as exempt by the Debtor.

###

Copies Furnished to:
Marc Barmat, Esq.
Patrick Scott, Esq.
AUST